MAUREEN F. DONELAN, PLAINTIFF–RESPONDENT, v. HUGH F. DOHERTY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 18, 1988—Decided May 4, 1988.

Before Judges J.H. COLEMAN and STERN.

*James A. Carey* argued the cause for appellant.

*Mark C. Curtis* argued the cause for respondent (*Vincent A. Signorile*, attorney; *Mark C. Curtis* on the brief).

J.H. COLEMAN, P.J.A.D.

On May 22, 1984 plaintiff obtained a judgment in a paternity action in the State of Maryland decreeing that defendant was the father of plaintiff's child, D.D., who was born in Maryland on March 14, 1981. Defendant and plaintiff were never married. On March 19, 1985, the Circuit Court of Montgomery County Maryland ordered defendant to pay $700 per month as child support commencing July 1, 1984. The Maryland support order was registered in New Jersey pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (URESA),

*N.J.S.A.* 2A:4–30.57, on January 14, 1987 and the formal order was signed on February 20, 1987. The effective date of the registration, however, was stayed until March 1, 1987 to permit defendant to file an appeal in the State of Maryland. Defendant did not file an appeal in Maryland. Consequently, the stay of registration of the Maryland support order was vacated and the foreign support order was deemed registered as of March 1, 1987.

Plaintiff moved to enforce the foreign support order and defendant moved for a reduction in the foreign support order based on alleged changed circumstances. At a hearing conducted on May 11, 1987, plaintiff's application for enforcement of the registered Maryland support order was granted. A formal order was entered on May 21, 1987 enforcing the foreign support order. Subsequently, the court heard arguments on defendant's application to modify the foreign support order based on alleged changed circumstances. A formal order was entered on June 30, 1987 denying that application. Defendant has appealed from the June 30, 1987 order. We now affirm.

As we glean from the record, the factual basis for defendant's application for a modification of the Maryland support order was as follows. At the time the Maryland support order was entered in March 1985, plaintiff was not gainfully employed. During the interval between March 1985 and the end of 1986, plaintiff became self-employed in a child care business and grossed $16,246 in 1986. Defendant also suggests that changes in the gross income of himself and his wife entitled him to a modification. Defendant's tax returns, however, show gross income for: 1984, $77,105; 1985, $110,528; and 1986, $126,055. In addition, defendant has an arthritic condition of his knee that may have deteriorated progressively since March 1985.

In this appeal, defendant argues that:
1. THE TRIAL COURT ERRONEOUSLY DECIDED IN MAY THAT THE STAY OF THE MARYLAND PROCEEDINGS TO MARCH 1, 1987 WAS A REQUIREMENT THAT THE DEFENDANT SEEK AN APPEAL IN MA-

RYLAND AND ACCORDINGLY SHOULD HAVE CONSIDERED ALL SUBSTANTIVE ISSUES.

2. THE REPORT OF THE MASTER FAILED TO TAKE INTO CONSIDERA-TION THE DEFENDANT'S OBLIGATIONS TO HIS FIRST FAMILY AS SET FORTH IN THE NEW JERSEY JUDGMENT OF DIVORCE.

3. THE DEFENDANT HAS A CONTINUED OBLIGATION TO SUPPORT THE CHILDREN OF THE FIRST MARRIAGE INCLUDING THE EDU-CATIONAL REQUIREMENTS OF SAID CHILDREN.

4. THE ABILITY TO PAY ANY FORM OF SUPPORT ALBEIT ALIMONY, CHILD SUPPORT OR PATERNITY, IS BASED ON THE ABILITY TO PAY AND NOT ON PRESENT EARNINGS.

5. THE TRIAL COURT ERRONEOUSLY DETERMINED THE TIME PAR-AMETER IN DETERMINING THE CHANGE CIRCUMSTANCES OF THE PARTIES.

In denying defendant's application to modify the Maryland support order based on alleged changed circumstances, the trial judge concluded that defendant could not modify the support order retroactively or prospectively based on circumstances which predated March 1987.

The crucial issue raised in this appeal is whether the New Jersey court should have modified the foreign order based on facts which occurred prior to registration of the foreign decree in New Jersey. *N.J.S.A.* 2A:4–30.57 permitted plaintiff to register the Maryland support order in New Jersey. Plaintiff registered the order pursuant to *N.J.S.A.* 2A:4–30.60. Prompt-ly after registering the foreign decree, the Clerk of the New Jersey Superior Court was required to mail to defendant notice that the foreign decree had been registered and a copy of the registered support order. It is not disputed that defendant was duly notified and mailed a copy. Defendant had 20 days after the mailing of notice of registration to petition the New Jersey Court to vacate the registration or for other relief permitted by URESA. *See N.J.S.A.* 2A:4–30.61 b. Defendant did not seek to vacate the registration. He did seek other relief in the form of modification of the foreign decree. Defendant's motion, how-ever, was untimely and in the wrong forum.

This case does not present a choice of law problem within the meaning of *N.J.S.A.* 2A:4–30.31 because the applica-

tion for support in Maryland was not instituted under URESA (Md.Family Code Ann. § 10–301 *et seq.*). In plaintiff's brief at page 18, which has not been disputed by defendant in a reply brief, she states:

> The respondent did not utilize the respective URESA statutes of New Jersey or Maryland in initiating the support and paternity actions because the appellant consented unconditionally to the jurisdiction of the Maryland Court, and resort to the use of the statute to obtain jurisdiction over the appellant was therefore unnecessary. The appellant had a full opportunity to appear in Maryland and he participated fully in the Maryland proceedings. (See Pa 12 to 18) Maryland, as the forum state with jurisdiction over all parties had greater interest in the support of the minor child, who resided in Maryland with the respondent. Accordingly, the Maryland Court properly applied its own substantive and procedural law.
>
> New Jersey's URESA Statute only came into play when the defendant refused to comply with the terms of the Maryland Support Order and returned to New Jersey to avoid the contempt order issued by the Maryland Court ordering him to be incarcerated for 120 days at the Montgomery County Detention Center until he purged himself of the contempt. (Pa 6 to 8) Respondent then sought to register the Foreign Support Order in New Jersey, pursuant to *N.J.S.A.* 2A:4–30.24 *et seq.*, intending to seek to enforce same in New Jersey's Court's [sic] which had jurisdiction over the appellant.

We fully agree with plaintiff that the Maryland Court entered the support order pursuant to Maryland law and not pursuant to New Jersey law. Hence, New Jersey is the "registering court" within the meaning of *N.J.S.A.* 2A:4–30.26 i and is not a "responding state" within the meaning of *N.J.S.A.* 2A:4–30.26 k and *N.J.S.A.* 2A:4–30.31. This means that the foreign order for support was not subject to the jurisdiction of New Jersey prior to registration.

▋  To decide whether defendant was entitled to modify the foreign support order, we must examine other provisions of URESA to determine the effect of the registration. The effect of the registration is controlled by *N.J.S.A.* 2A:4–30.61 a and c which provide:

> a. Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this State. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this State and may be enforced and satisfied in like manner.

> c. At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted, the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this State may be stayed the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this State.

Our reading of URESA leads us to conclude that after registration of the Maryland support order, the order must be treated the same as if issued by a New Jersey court on the date the foreign decree was registered in New Jersey. Since the date of registration becomes the functional equivalent to the date New Jersey issued a support order, facts which predate registration cannot constitute changed circumstances. By way of illustration, if a New Jersey court awarded a wife $700 a month in alimony on January 15, 1987 while she was earning $20,000 annually, the support order would not be subject to a modification on March 1, 1988 based on the wife's changed circumstances if the wife's income and expenses remained unchanged. *See generally Lepis v. Lepis,* 83 *N.J.* 139 (1980). Hence, we agree with the trial judge that defendant was not entitled to a retroactive or prospective modification in the support order based on facts which predated registration in New Jersey. The trial judge properly rejected defendant's disguised attempt to pursue an appeal from the Maryland support order in New Jersey which lacks jurisdiction to hear such an appeal. *Kram v. Kram,* 52 *N.J.* 545, 547–548 (1968).

We conclude that all issues of fact and law raised on this appeal are clearly without merit. *R.* 2:11–3(e)(1)(A) and (E). The order dated June 30, 1987 is affirmed.

AFFIRMED.